IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMATHA A. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3109 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY | ) | MEMORANDUM AND ORDER |
| ADMINISTRATION, Jo Anne B. | ) | |
| Barnhart, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action for judicial review of a final decision of the Secretary of Health and Human Services.  Jurisdiction of this court is pursuant to 42 U.S.C. § 405 (g).  Plaintiff filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and under Title XVI, 42 U.S.C. § 1381, on January 2, 2004, with a protective filing date of December 15, 2003.  An administrative law judge (ALJ) denied plaintiff's request for benefits on November 23, 2005.  The Commissioner of Social Security denied plaintiff's claim for benefits thereafter.  Plaintiff filed this action alleging the defendant failed to give adequate weight to the opinions of his treating physicians and failed to consider his subjective complaints of pain and other nonexertional impairments including obesity.  The court has carefully reviewed the record, including the Social Security transcript, Filing No. 10, as well as the parties' briefs and the relevant caselaw.  The court concludes that the ALJ's decision is not supported by substantial evidence on the record as a whole.

**LEGAL STANDARD**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.   A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country."  42 U.S.C. § 423(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations.  The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience.  *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984).  If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience.  *See Braswell*, 733 F.2d at 533.  If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).  A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the

2

Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision, because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

**DISCUSSION**

*A.  Background*

Plaintiff, born in November 1972, alleges she became disabled on April 15, 2003. Her past relevant work history included cashier in fast food, cashier, meat processing laborer and waitress. She completed high school and took three college classes. She has been treated for bipolar disorder, depression, degenerative joint disease of the knees and ankles, allergies, asthma and obesity. She has had multiple surgeries on her knees,

3

injections, and knee braces.  A number of medications have been prescribed including Darvocet, Advil, Seroquel, Zoloft, Effexor, Rantididine, Lamictal, Advair, Rhinocort, Imitrex, Lunesta, Naproxen, Astelin, Levaquin, Vioxx, Celexa, Paxil, Prenisone, Nalex, Zyprexa and Alubterol.  Plaintiff testified that she was five-feet and eleven inches tall and weighed 305 pounds.  Plaintiff lives with her mother; she takes and picks up her daughter at school; she reads books; she assists with dinner; and she watches television.  Tr. 487-88.  She testified that it hurt her wrist to hold items for a long period of time, that she could stand about two hours, sit for three to four hours, had to elevate her left leg for about a quarter of each day, could walk about two blocks, lift a twenty-pound bag, and could lift a paper clip off a table for about one hour.  Tr. 488-91.  She also testified that she did not get along well with others at work, had mood swings, was a loner, had anger issues, did not handle changes well, and she could not follow detailed instructions.  Tr. 492-95.  Plaintiff has had three surgeries on her left knee, two surgeries on her right knee, and surgery on her ankle.  She received additional injections and arthrosporic surgery in 2003.

Plaintiff began receiving treatment for depression in October of 1999.  Dr. Curtis Reimer treated plaintiff's mental health issues beginning on May 15, 2003.  At that time Dr. Reimer completed a mental work evaluation of plaintiff and opined that plaintiff was disabled due to bipolar disorder, that her former work would adversely affect her by increasing her stress and resulting mania and depression.  He believed her condition limited her attention, concentration, ability to perform within a schedule, moderately limited her public interaction, markedly limited her ability to complete a normal workday, and moderately limited her ability to get along with co-workers.  He opined that her workday would be less than three hours per day.  Tr. 412-417.

4

On October 27, 2004, plaintiff saw her counselor, Sally Grosse, APRN. Plaintiff had gained 87 pounds in six months due to medication, was having mood swings, racing thoughts, severe spending sprees, and manic episodes. She began having these episodes in her twenties.

Plaintiff had multiple surgeries on both knees. A consultative physician, Dr. Jennifer King, saw plaintiff on June 30, 2003, and found a full range of motion in plaintiff's knee. An MRI done on January 14, 2003, showed a small osteochondral defect and early degenerative changes with small joint diffusion. Tr. 21, 401. An examination of plaintiff's right hand on August 13, 2004, showed a full range of motion. Tr. 25, 455. Plaintiff's treating orthopedist, Dr. Gary Chingren, stated in a letter in February 2005, that sometimes plaintiff's subjective complaints outweighed the objective findings. Tr. 25, 432. With regard to plaintiff's physical symptoms, Dr. Chingren indicated that such symptoms would not preclude plaintiff from performing sedentary work. Tr. 25, 432.

With regard to plaintiff's bipolar disorder, the consultative psychologist Alan Smith, Ph.D., determined that plaintiff could perform simple labor and sales jobs. Tr. 22, 362. He found that her prognosis was fair and that her medication controlled her symptoms adequately enough. Tr. 22, 391-92. On June 26, 2003, Dr. Smith initially diagnosed plaintiff with bipolar disorder, dysthymic disorder, and dependent personality disorder. He further opined that she had difficulties with social functioning, that she deteriorated when stressed. Tr. 356. However, on February 17, 2004, after being asked by the State Agency to examine the records again, Dr. Smith modified his earlier determination and found that claimant did not have depressive symptoms that would meet the criteria for major

5

depressive disorder, did not have social phobia, and did not have a personality disorder of any magnitude.  Tr. 390-91.

Based on the physical and mental condition of the plaintiff, the ALJ determined plaintiff could not perform her past relevant work.  The ALJ concluded that plaintiff's physical impairments would permit her to do sedentary work, noting that she should not use ladders or scaffolds, should avoid concentration of exposure to cold and machine hazards and heights.  Tr. 26, 29.  As to her mental disorder, the ALJ concluded that she had moderate limitations on her attention and concentration, attendance, punctuality, work with co-workers, mild restrictions in daily living and social functioning and moderate difficulties with concentration, persistence and pace.  Tr. 26, 29.  The ALJ determined that plaintiff's activities supported his decision that she could perform unskilled labor.  Tr. 26.

### B.  Treating Physician

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (*quoting* 20 C.F.R. § 404.1527(d)(2) (2006)).  The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  *Hogan v. Apfel*, 239 F.3d at 961.  An ALJ

6

cannot substitute his opinion for the medical opinions. *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Plaintiff contends that the ALJ erred by not giving controlling weight as required by SSR96-2p and 20 C.F.R. § 404.1527(d) to the opinions of the treating physician, family practitioner Dr. Curtis Reimer. The ALJ, argues plaintiff, discredited the medical judgment of the treating doctor and substituted his unfounded opinions. Plaintiff contends that the ALJ failed to even consider the opinions of Dr. Reimer. The ALJ, argues plaintiff, did "not analyze consistently and fairly the objective medical evidence in the record" but instead picked and chose those pieces of evidence that supported the ALJ's determination. *Gibbons v. Apfel*, No. 8:99CV221 (D. Neb. January, 2001). Defendant contends that the ALJ considered Dr. Reimer's opinions and discounted Dr. Reimer's opinions that plaintiff's mental symptoms were such that she could not work a normal workday. Tr. 22-27; Tr. 405-21. The ALJ relied more heavily on the state agency consultative doctor. Tr. 23, 324-40, and 406-421. The ALJ relied in part on a consultative examination by Alan Smith, Ph.D. who saw the claimant on June 26, 2003, and on February 17, 2004.

The court agrees that the ALJ failed to give appropriate weight to the treating physicians, and instead, he relied too heavily on the consultative examiners. Dr. Reimer indicated the limitations he believed plaintiff possessed. The vocational expert, Deborah Determan, first testified based on the question asked by the ALJ, that plaintiff could perform other work in the sedentary category such as microfilm documents preparer, order clerk for food, and production inspector. Tr. 503-05. When asked to consider Dr. Reimer's limitations, she testified that plaintiff was precluded from performing all work. The court finds that the opinions of Dr. Reimer were entitled to great weight, if not controlling weight.

7

Further, the ALJ made very little mention of the limitations caused by plaintiff's mental illness.  Plaintiff's treating physician, Dr. Reimer, supports plaintiff's allegations regarding her bipolar disorder.  The ALJ discredits Dr. Reimer's opinion that plaintiff cannot work, but the ALJ does not explain the basis for this opinion. In addition, Dr. Smith noted that he could not offer opinions on certain of plaintiff's issues in such a limited examination.  Tr. 362.  He also opined that because plaintiff was reluctant to discuss some of her mental health issues with him, it was very difficult for him to estimate the extent the psychiatric disorders would impair her ability to function.  Tr. 391.  However, the ALJ gave Dr. Smith's opinions significant weight because he "is familiar with the Social Security regulations, and had the opportunity to review the entire record."  Tr. 27.  The court wonders how understanding Social Security regulations and reviewing the entire record rises to the level that equals significant weight.  In any event, the court finds the ALJ erred in failing to accord the opinions of the treating physicians appropriate weight.

The court notes that it is true that at times plaintiff appears to be symptom free or at least appears to be improved.  That is the nature of a mental illness.  There will be remissions of symptoms with mental illnesses.  *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996).  This does not mean that the plaintiff's disability has ceased to exist or is improving or that she can perform sustained work.  The plaintiff's treating physicians and counselor specifically found that placing plaintiff in a work environment could again exacerbate her symptoms.  The current regiment of medicine and routine help stabilize her condition.  Again, that does not mean, as implied by the ALJ, that plaintiff can necessarily perform in a working environment.

8

### C.  Pain

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints

of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints

solely because the objective medical evidence does not fully support them:

> The absence of an objective medical basis which supports the degree of
> severity of subjective complaints alleged is just one factor to be considered
> in evaluating credibility of testimony and complaints.  The [ALJ] must give full
> consideration to all of the evidence presented relating to subjective
> complaints, including the [plaintiff's] prior work record, and observations by
> third parties and treating and examining physicians relating to such matters
> as:
>
> 1.      the [plaintiff's] daily activities;
> 2.      the duration, frequency and intensity of the pain;
> 3.      precipitating and aggravating factors;
> 4.      dosage, effectiveness and side effects of medication;
> 5.      functional restrictions.
>
> The [ALJ] is not free to accept or reject the [plaintiff's] subjective complaints
> *solely* on the basis of personal observations.  Subjective complaints may be
> discounted if there are inconsistencies in the evidence as a whole.

*Polaksi v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (emphasis in original).  "Pain is

recognized as disabling when it is not remediable and precludes a claimant from engaging

in form of substantial gainful activity. The mere fact that working may cause pain or

discomfort does not mandate finding of disability."  *Cruse v. Bowen*, 867 F.2d 1183, 1183

(8th Cir. 1989) (citations omitted).

"Not all pain reaches a level [at] which it is disabling.  The claimant's level of care

is not consistent with an individual who alleges the severity of her complaints." *Benskin v.*

*Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).  "While the ALJ may not discount a [social

security disability] claimant's complaints solely because they are not fully supported by

9

objective medical evidence, [a claimant's] complaints may be discounted based on the inconsistencies in the record as a whole." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). "Allegations of disabling pain [made by claimant seeking social security disability benefits] may also be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medications." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).

The ALJ found that the plaintiff "attempted to create the impression of total incapacity." Tr. 26. Plaintiff argues that the ALJ failed to consider her daily activities, medications, her symptoms, and the resulting restrictions. The court agrees that the ALJ failed to specifically mention the duration, frequency, and intensity of plaintiff's pain. The ALJ mentions that he considers her pain, but he considers it with regard to the objective medical evidence. However, he does not describe the facts upon which he bases these conclusions. The ALJ also discounted plaintiff's testimony, because she has a "sporadic work record." Tr. 26. The ALJ determined that such record might affect plaintiff's credibility, as maybe she is not highly motivated to obtain and maintain work. *Id.* As support, the ALJ noted that the claimant lives with her mother, receives monetary assistance for the care of her daughter, and receives free medical treatment. The court notes that the ALJ draws these conclusions without any supporting evidence. It might well be that plaintiff's mental and possibly physical impairments have caused her to have such a sporadic work record, rather than a lack of motivation to work. Such is the lot of some who have serious mental illnesses. Additionally, the court does not see the relevance of considering the fact that plaintiff receives money to help with her child or free medical treatment. Such facts are not particularly helpful in determining credibility, particularly

when plaintiff has serious mental, physical and obesity issues.  As for living with her mother, that might be some indication that plaintiff cannot function on her own.  The court does not make these findings, but simply points out that the ALJ should not jump to conclusions about facts without substantiation.

### D.   Obesity

Plaintiff is classified with a body mass of 40.7 as extremely obese.  SSR-02-1p.  The Social Security Administration has recognized that the combined effects of obesity and other symptoms might be enhanced because of the obesity.  *Id.*  Plaintiff had testified that she had to elevate her leg during the day.  The ALJ found that plaintiff's obesity is a severe impairment, but he failed to then consider it in conjunction with the rest of her symptoms. When asked to consider that limitation, the VE testified that "most competitive work would be precluded."  Tr. 505-06.

The court finds that the physical impairments, coupled with the plaintiff's pain and obesity, and particularly when taken in conjunction with her severe mental health issues, dictates a finding by this court that plaintiff is disabled.  "[W]here the medical evidence in the record overwhelmingly supports a finding of disability, remand is unnecessary." *Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Nalley v. Apfel*, 100 F. Supp. 2d 947, 954 (S.D. Ia. 2000).  The court determines that the record overwhelmingly supports a finding of disability.  Remand to take additional evidence in this case would only delay the receipt of benefits to which the plaintiff is entitled.

THEREFORE, IT IS ORDERED that the findings and conclusions of the ALJ are reversed and benefits are awarded.  This cause is remanded to the Commissioner for

computation and payment of benefits.  A separate judgment shall be entered in conjunction with this Memorandum and Order.

DATED this 12th day of March, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief Judge

12