IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMATHA A. HUGHES, | ) |
| Plaintiff, | )   4:06CV3109 |
| v. | ) |
| SOCIAL SECURITY ADMINISTRATION, | )   MEMORANDUM AND ORDER |
| Defendant. | ) |

This matter is before the court on the plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Filing No. 22. The Commissioner asserts that the motion is untimely. Filing No. 24.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which was to diminish the deterrent effect of seeking review of, or defending against, governmental action. *See Sullivan v. Hudson,* 490 U.S. 877, 883 (1989).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi,*

541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

The EAJA provides that a fee application must be filed "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The thirty-day deadline for fee applications "does not involve the federal courts' 'subject matter jurisdiction,'" rather "the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority." *Scarborough,* 541 U.S. at 414.

In a case remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g), a judgment ordering remand becomes final upon expiration of time for appeal. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan,* 501 U.S. 89, 102 ("the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").

Under the Federal Rules of Appellate Procedure, in a case in which a federal officer is a party, a sixty-day period after the entry of judgment exists in which to appeal the judgment. *See* Fed. R. App. Proc. 4(a). The EAJA's thirty-day time limit in which to apply for fees and costs begins once this sixty-day window in which to appeal ends. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Equitable tolling applies to claims for judicial review of decisions of the Commissioner of Social Security. *Bowen v. City of New York,* 476 U.S. 467, 480-82 (1986) (noting that Congress designed Social Security statute to be unusually protective of claimants).

2

Only reasonable fees and expenses may be awarded under the Act.  28 U.S.C. §§2412 (d)(1)(A), 2412 (d)(2)(A).  Fees are to be based on "prevailing market rates for the kind and quality of the services furnished," and attorney fees in excess of $125.00 per hour cannot be awarded unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.[1]   28 U.S.C. § 2412 (d)(2)(A) (ii).

This court entered judgment in favor of plaintiff on March 12, 2007.  The government's appeal time ran on May 11, 2007.  Under 28 U.S.C. § 2412(d)(1)(B), plaintiff had until June 10, 2007 to timely file her application.  The application was filed on June 30, 2007—twenty days out of time.  In its order directing the award of benefits, this court found the evidence overwhelmingly supported a finding of disability.  The government does not argue that its position was substantially justified.  Although plaintiff's counsel has not propounded any reason for the late submission, the court finds that equitable tolling principles should be applied to effectuate the goals of the EAJA.  The Commissioner's denial of benefits had no basis in fact or law.  Also, the fee application was only late by a few weeks and the government has not been prejudiced thereby.

Plaintiff requests fees totaling $4,349.18, representing 26.5 hours at the rate of $164.12 per hour.  Filing No. 23, Brief in Support of Application for Fees, Exhibit ("Ex.") A.  Plaintiff has also shown that her normal rate is $165.00 per hour and that a rate of $165.00 per hour is reasonable in the community.  *Id.,* Ex. B.  Further, she has shown that the

---

[1]The EAJA was amended in 1996 to increase the rate from $75.00 per hour to $125.00 per hour.  *See* Pub. L. 104-121, § 232(b)(1).

amount of $125.00, when adjusted for the escalation of the cost of living since 1996, equates to $164.12 in today's dollars.  *Id.,* Exs. C & D.

The court finds that plaintiff has shown she is entitled to EAJA fees in the amount of $4,349.18.  The court also finds that there are no special circumstances that would make this award unjust.  Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff's application for attorney fees (Filing No. 22) is granted;
2. A judgment for attorney fees in the amount of $4,349.18 will be entered this date.

DATED this 3rd day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge