IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMATHA A. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3109 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, Michael J. Astrue Commissioner, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Tamatha Hughes ("Hughes") motion for attorney fees, Filing No. 31, under 42 U.S.C. § 406(b). The court previously entered an order awarding attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007). Filing Nos. 29 and 30. Hughes had entered into an attorney agreement that provides her attorneys, Leslie K. Neuhaus and Warren L. Reimer, with payment of 25 percent of the past-due benefits awarded to Hughes. Filing No. 31, Attachment 1, Exhibits A and B. The Commissioner issued Hughes a notice awarding plaintiff $20,604.00 in past-due benefits. Filing No. 31, Attachment 1, Exhibit C. Accordingly, Hughes's counsel seek compensation under 42 U.S.C. § 406(b) in the amount of $5,151.00, or 25 percent.

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and

paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2006).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25 percent of past-due benefits, is *per se* unreasonable. *See id.*; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement is at or below the 25 percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Under the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht*, 535 U.S. at 796. A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

The court, having reviewed this case in light of *Gisbrecht*, is required to give primacy to the contingent-fee agreement. Here, the agreement calls for a fee of 25 percent of past-due benefits, the same benchmark percentage permitted by statute. *See* Filing No. 31, Attachment 1, Exhibits A and B; 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel alleges to have spent 26.5 hours working on the substance of this matter. Filing No. 23, Attachment 1. Counsel achieved a favorable result for plaintiff and bore the risk of no payment under the contingency-fee agreement had plaintiff not been successful.

This court finds that *Gisbrecht's* instructions do not raise cause for concern here. The $20,604.00 in past-due benefits plaintiff recovered is reasonable in comparison to the 25 percent contingent-fee arrangement contemplated between plaintiff and her counsel. *See Gisbrecht*, 535 U.S. at 808. In accordance with *Gisbrecht*, the court concludes that plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b).

After carefully reviewing the record, and in particular, the itemized amounts set forth in the affidavit of plaintiff's attorney, Leslie K. Neuhaus, Filing No. 23, Attachment 1, the court concludes that a 42 U.S.C. § 406(b) fee award in the amount of $5,191.00 is

reasonable and plaintiff's motion is granted.  Defendant has no specific objections to such an award.  Filing No. 33.  Plaintiff's counsel is directed to refund the smaller fee award, the EAJA award in the amount of $4,349.18, to plaintiff.

THEREFORE, IT IS ORDERED that

1. Plaintiff's motion for attorney fees, Filing No. 31, is granted.  Section 406(b) fees are allowed in the amount of $5,151.00, to be paid out of the sum withheld by the Commissioner from plaintiff's past-due benefits.

2. Counsel shall reimburse plaintiff in the amount of $4,349.18, the lesser amount awarded under the EAJA.

DATED this 12th day of October, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge